**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARVIN KNIGHT,                                )
                                             )
              Plaintiff,                      )
                                             )        Civil Action No. 1:26-cv-01815 (UNA)
v.                                            )
                                             )
                                             )
SO OTHERS MIGHT EAT, INC., et al.,           )
                                             )
                                             )
              Defendants.                     )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's Application for Leave to

Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* Complaint, ECF No. 1.  The Court

grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter

without prejudice.

Plaintiff, a resident of the District, sues a non-profit organization and its CEO. The

allegations are vague and disorganized.  He very broadly alleges that Defendants, and other

unnamed employees and volunteers, intentionally discriminated against him based on protected

characteristics, and failed to accommodate him, on multiple occasions.  He further alleges that

Defendants negligently placed a "foreign object" in food, and that they engaged in unspecified

misrepresentations, breaches of confidentiality, invasion of privacy, and intimated him, causing

him "posttraumatic stress."

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure.  *See*

*Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Federal Rule 8(a) requires complaints

to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim.  *Iqbal,* 556 U.S. at 678.  Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).

As pleaded, Plaintiff's allegations fall short of this standard and fail to provide adequate notice of a claim to the Defendants or the Court.  For example, Plaintiff does not identify his protected characteristics or how he was discriminated against or, apart from bare legal conclusions, how he was otherwise harmed, nor does he state when or where the alleged wrongful acts occurred, or largely, who was specifically responsible for those wrongful acts, what these wrongful acts even were.  The relief sought, if any, is unspecified.  When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Accordingly, this matter is dismissed without prejudice. Plaintiff's other Motions, ECF Nos. 3, 4, 5, which are blank apart from their titles, are all denied as baseless. A separate Order accompanies this Memorandum Opinion.

Date:   July 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge